NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WALTER WEBER, PETITIONER, v. CHARLES BRANDT,
RESPONDENT.

Decided November 19, 1937.

For the petitioner, *Louis Hoberman.*

For the respondent, *Wall, Haight, Carey & Hartpence* (by
*Charles J. Gormley*).

In the above entitled cause, determinations and rule for
judgment were signed under date of January 18th, 1935,
wherein and whereby it was determined that the petitioner
met with an accident arising out of and in the course of
employment with the respondent; that the petitioner's wages
amounted to $14 per week and that on December 27th, 1933,
the petitioner, while cleaning a rabbit, cut his finger and an
infection set in and caused a fever, disabling in character,
and that the petitioner was thereby temporarily disabled from
said infection with a disease known as tularemia; his dis-
ability was from December 27th, 1933, to August 1st, 1934,
a period of thirty-one weeks, but petitioner suffered no perma-
nent disability from said accident.

On March 6th, 1936, a petition for increased disability was
filed, wherein the petitioner alleged that he is still disabled
and that it is believed that the ailment is a result of the afore-
said accident, and has left a permanent impairment of peti-
tioner's physical condition.

The respondent denied that the petitioner was suffering from any increased temporary disability and that there was no permanent disability.

This matter came on for hearing before me under dates of October 20th, 1937, October 27th, 1937, and November 3d, 1937.

Dr. Sigmund C. Braunstein testified that he examined the petitioner on February 15th, 1936, and treated him from that date until February 27th, 1937, and that during that time he had a painful swelling on the left side of his neck. He further testified that the petitioner had a temperature and he attempted to make a diagnosis "as to what the swelling was due to" and "having a previous history of tularemia," it was the doctor's opinion that the said swelling was due to a recurrence of tularemia. The doctor further stated that "from the history in this case," in his opinion, the petitioner suffered a twenty per cent. total disability.

The petitioner produced Dr. Louis Schneider, the attending physician, who originally diagnosed the petitioner's condition as "tularemia" and who, at the original hearing, stated there was no permanent disability. The doctor continued to treat the petitioner and now states there is an existing disability of twenty to twenty-five per cent. of permanent total, and indicated that the estimate is based on a neurosis. Dr. Schneider is not a neurologist.

Dr. Louis Schneider was also the petitioner's attending physician in the medical care and attention given the petitioner when he sustained injuries in an accident between a Public Service Company bus and an automobile that was driven by him, and wherein the symptoms, as indicated by the petitioner, were recurring headaches, dizziness, inability to open the left eye, tenderness over the scars on the face and head. These symptoms are also included in the doctor's testimony as a result of the alleged tularemia.

Petitioner also produced Dr. Arthur M. Kraut, a neurologist and psychiatrist, who made three examinations and objectively found very little organic disturbances, but his examination revealed a suggested "Babinski," and stated that

in his opinion the petitioner was suffering a disability of fifteen to twenty per cent. of total, and based his conclusions upon the fact that the petitioner could not "cope with environment and get along as other individuals."

The petitioner further stated on cross-examination that he now feels the same as he did at the time of the original hearing.

For the respondent Dr. Edgar W. Roberts stated that on October 21st, 1935, he examined the petitioner for the disability received as a result of the above mentioned accident of July 28th, 1935, and stated that in his opinion the petitioner had suffered a concussion of the brain at the time of the accident and that headaches and dizziness would continue as a result thereof for a long time.

For the respondent, Dr. Jack Blumberg, a neurologist, stated that in his opinion there was no evidence to indicate that the petitioner's existing disability is in any way attributable to the alleged recurrence of tularemia, but the condition is the result of the aforesaid automobile accident wherein the petitioner was injured.

After careful consideration of the facts presented in this case, and from my observations of the petitioner, I am of the opinion that the petitioner's disability is not the result of tularemia or recurrence thereof.

I, therefore, find that the petitioner has failed to establish an increased disability as the result of the alleged accident of December 27th, 1933, and he is entitled to no further or additional compensation.

JOHN C. WEGNER,
*Referee.*